

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 18, 1959

Honorable Zollie Steakley
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. WW-627

Re: Qualification of a foreign
    national bank to act as testa-
    mentary trustee in the State
    of Texas.

     This opinion is issued in response to your letter wherein some question is raised as to whether or not a national bank located in a foreign state can qualify as a testamentary trustee in the State of Texas. This opinion will be addressed principally to the question of whether or not a national bank domiciled in another state may act as testamentary trustee of certain trust property located in Texas. We do not pass upon the question of whether or not a national bank may come into the State of Texas to establish an office or branch, or do a trust business. What constitutes doing business in Texas, so as to require a certificate of authority by a foreign corporation, is governed by the Texas Business Corporation Act. Article 8.01, B(11) of that Act states:

> "B. Without excluding other activities which may not constitute transacting business in this State, a foreign corporation shall not be considered to be transacting business in this State, for the purposes of this Act, by reason of carrying on in this State any one (1) or more of the following activities:
>
> "...
>
> "(11) Exercising the powers of executor or administrator of the estate of a nonresident decedent under ancillary letters issued by a court of this State, or exercising the powers of a trustee under the will of a nonresident decedent or under an inter vivos trust created by a nonresident of this State, if the exercise of such powers, in either case, will not involve activities which would be deemed to constitute the transacting of business in this State in the case of a foreign corporation acting in its own right." (Emphasis added.)

It is our understanding that the activities which the foreign national bank desires to perform in this State are not such as would constitute transacting business, if the corporation were acting in its own right.

National banks were created under the National Banking Act which is set forth in Chapter 2, Sections 21 to 213, Title 12 U.S.C.A. Section 24 prescribed the powers of national banks but did not include any authority to act in a fiduciary capacity. The Federal Reserve Act, as amended in 1918, Section 11(k), now Section 248(k), Title 12 U.S.C.A., conferred upon the Board of Governors of the Federal Reserve System the power and authority to grant by special permit to national banks, the authority to act in fiduciary capacities when not in contravention of state law. Pertinent parts of that Act read as follows:

"The Board of Governors of the Federal Reserve System shall be authorized and empowered:

"(k) To grant by special permit to national banks applying therefor, when not in contravention of State or local law, the right to act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics, or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the State in which the national bank is located.

"Whenever the laws of such State authorize or permit the exercise of any or all of the foregoing powers by State banks, trust companies, or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of State or local law within the meaning of this chapter."

Thus, the Federal statutes empower the Federal Reserve Board to grant, by a special permit, to national banks applying therefor, when not in contravention of State or local law, the right to act as trustee, administrator, executor, guardian, etc., or in any other fiduciary capacity in which State banks, trust companies, or other corporations would come into competition with national banks under the laws of the State in which the national bank is located.

The only question is whether or not the laws of the State of Texas prohibit a foreign corporation coming into this State to act in a fiduciary or trust capacity. There seem to be only two statutes in the State of Texas which relate to this question. The first is Article 342-902 which provides:

"It shall be unlawful for any person, corpora-
tion, firm, partnership, association or common law
trust:

"(1) To conduct a banking or trust business
or to hold out to the public that it is conducting a bank-
ing or trust business;...

"Provided, however, that this Article shall
not apply to (1) national banks; (2) state banks; (3)
other corporations heretofore or hereafter organ-
ized under the laws of this state or of the United
States to the extent that such corporations are au-
thorized under their charter or the laws of this
state or of the United States to conduct such busi-
ness or to use such term;..."

Since the Legislature has seen fit to exempt corporations organized under
the laws of the United States (12 U.S.C., Sec. 21)--to the extent that such
corporations are authorized under the laws of the United States to act as
testamentary trustee on trust property located in Texas (12 U.S.C., Sec.
248(k) )--from the prohibition of Article 342-902, there appears to be no
Texas statute prohibiting a national bank, not domiciled in Texas from
acting in the above mentioned capacity in the State of Texas.

The only other statute which relates to the question of foreign
corporations coming to Texas to engage in the trust business as dis-
tinguished from trust functions is Article 1513a. This article provides:

"Sec. 2. Trust companies may be created,
and any corporation, however created, may amend
its charter in compliance herewith, or a foreign
corporation may obtain a certificate of authority to
do business in Texas for the following purpose:

"To act as trustee, executor, administrator,
or guardian when designated by any person, corpo-
ration, or court to do so, and as agent for the per-
formance of any lawful act, including the right to
receive deposits made by agencies of the United States
of America for the authorized account of any individual;
to act as attorney-in-fact for reciprocal or inter-insur-
ance exchange."

We do not feel that this particular statute is applicable to the question raised, because the national bank involved here is not desirous of a certificate of authority to do a trust business in Texas, but wants to act only as a testamentary trustee of a foreign trust with regard to certain trust property located in Texas.

Thus, current authority prevails that a national bank may go outside its domicile to act in a trust capacity if the state to which it desires to go does not expressly, or by necessary implication, prohibit its entry. The prohibitive statute (Article 342-902, V.C.S.) has expressly excluded "corporations organized under the laws of the Unites States", of which a foreign national bank is one, thus indicating the necessary tolerance, when read in conjunction with Article 8.01B (11), to authorize their entry to perform certain trust functions. We do not pass on the question of a foreign corporation performing trust functions which would constitute transacting business under the emphasized portion of Article 8.01B(11).

## SUMMARY

National banks domiciled in a foreign state may come into Texas to perform fiduciary functions if a state bank in the state of the national bank's domicile may act outside its borders in a fiduciary capacity.

Texas law does not prohibit a foreign national bank from coming into the State to act as a testamentary trustee.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
   C. Dean Davis
   Assistant

CDD:jg

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

C. K. Richards
Robert T. Lewis
Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert